Núm. 7696.—Pimentel, etc. aplte. v. American Railroad Co. of P. R., aplda.—C. D. San Juan. ⬛ Febrero 23, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

Vista la moción de desestimación radicada por la parte apelada y la certificación del Secretario de la Corte de Distrito de San Juan a ella anexa, en la que se hace constar que la sentencia recurrida fué dictada en 28 de enero de 1937 y notificada el 29 del mismo mes a la demandante apelante; que el escrito de apelación fué radicado el 24 de febrero de 1937; que a solicitud de la apelante, la Corte de Distrito dictó en 5 de marzo de 1937 una orden dirigida al taquígrafo para que éste transcribiera la evidencia; que en 5 de octubre de 1937 el tribunal inferior concedió al taquígrafo una prórroga de 30 días para completar la transcripción; y que desde esa fecha hasta el presente no se ha concedido nueva prórroga, ni se ha radicado moción alguna para una nueva prórroga, ni se ha cumplido lo ordenado por la Corte en 5 de octubre de 1937;

Visto el escrito de oposición radicado por la demandante apelante, al que se acompaña una certificación del mismo Secretario de la Corte inferior en la que se hace constar que la transcripción de evidencia fué presentada en Corte el día 12 de marzo de 1937 y que la Corte señaló el día 17 del mismo mes para la vista relacionada con su aprobación; que en 12 de septiembre de 1937 la corte señaló el día 10 del mismo mes y año (sic) para la vista sobre aprobación de la transcripción de evidencia; y que en 7 de octubre de 1937 se desestimó una moción, cuyo objeto no se hace constar, por haberse concedido prórroga con fecha 15 del mismo mes al taquígrafo;

Vista la declaración jurada del taquígrafo Eduardo Ugarte en la que hace constar que en 11 de marzo de 1937 él presentó y radicó en la Secretaría de la Corte de Distrito la transcripción que le fué ordenada el 5 del mismo mes;

Vistas la copia certificada de la moción radicada en la Corte inferior por la parte apelada, en 15 de marzo de 1937, en la que pedía se ordenara a la apelante que entregara a la apelada una copia de la transcripción de evidencia y que se concediera a la apelada una oportunidad para formular sus objeciones; y la orden del tribunal inferior suspendiendo la vista que había sido señalada para el 10 de septiembre de 1937 y ordenando al taquígrafo entregar al abogado de la apelada dentro del término de 30 días una copia de la transcripción;

POR CUANTO, la parte promovente no nos ha convencido de que la parte apelante no ha sido diligente en la tramitación del recurso;

POR CUANTO, examinado el escrito de apelación en este caso encontramos que éste cumple substancialmente con los requisitos legales en cuanto a su forma y contenido;

POR CUANTO, la notificación del escrito de apelación hecha por correo al abogado de la parte apelada, si bien no se ajusta a los requisitos legales cumple substancialmente con el propósito del estatuto y está justificada por las razones aducidas por la apelante al efecto de que le fué imposible hacer una notificación personal al abogado de la apelada por no encontrarse éste en su despacho y no tener allí empleado autorizado para recibir y aceptar notificaciones; y por cuanto el abogado de la apelada no niega haber recibido oportunamente la copia del escrito de apelación que le fué enviada por correo, dejando así incontrovertida la presunción legal de que recibió dicha copia a su debido tiempo.

POR LO TANTO, se declara sin lugar la desestimación solicitada.

El Juez Asociado Sr. Córdova Dávila no intervino.